Aron Steuer, J.
One of three defendants has moved for summary judgment and the plaintiff has cross-moved for the same relief. It appears that the corporate defendant borrowed $25,000 from plaintiff pursuant to a loan agreement. Five notes of $4,000 each and one for $5,000 were given for this loan as well as security. The loan agreement is inartistic as it contains clauses appropriate for a factoring agreement and having no relationship to the transaction in question. The moving defendant was one of two guarantors of the corporate performance. He also indorsed the notes.
Plaintiff negotiated the notes to a third party. The first three notes were paid at maturity. Prior to the fourth note coming due defendants informed plaintiff that the note could not be met and plaintiff agreed to pay the amount due to the holder. This was done and the same procedure was gone through as regards the notes subsequently coming due. Suit is for_ the amount of the notes, interest and attorney’s fees as provided in the loan agreement.
First it must be noted that this is not a suit on the notes or the guarantee of the notes. The question is whether the obliga *127 tion of the corporation so arising comes about by virtue of the loan agreement or is a new and subsequent obligation. The only paragraph of the loan agreement that could be applicable to this question reads: “ 13. That the Borrower will repay all advances, losses, charges or expenses and the reasonable amount of any attorney’s fees for services rendered which the Factor must pay, or for which it may become liable, in connection with any transactions between the parties hereto or relative to the orders or accounts assigned and/or other collateral held by the Factor.”
It is obvious that this clause is taken from a specimen factoring agreement. There were no accounts assigned here. The advances, losses and charges referred to are not confined to assigned accounts but the language is appropriate to transactions in which advances are to be made upon such collateral. It is not appropriate to the transaction here involved. Payment on the notes was not an advance in the sense of a factoring agreement- — -that is, a loan upon an obligation or account not yet due. Loss, charge and expense generally refer to default of the obligor on an assigned account.
It must be concluded that any obligation of the borrower arising after the date of the loan agreement is not covered by the guarantee. The only remaining question is whether due to the transaction there was a new loan or whether there was a continuing liability under the loan agreement. While it might be said that there is a liability not confined to the notes, the notes undoubtedly limited the liability. If they had been allowed to go to default while in the hands of the party to whom plaintiff had negotiated them, it could not be questioned that that party’s right of enforcement would bar the plaintiff. It would follow that plaintiff’s subsequent action in paying the notes was not a consequence of the loan agreement and could not revive any right that it might have had to sue on the agreement apart from the notes. As the claim is not on the agreement it is not covered by the guarantee.
Both parties having moved for summary judgment there is a concession by both that no question of fact exists. On the questions of law the ruling is for the defendant and his motion is granted and the plaintiff’s denied.